**EXHIBIT A**

22711300

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: JCampbell@aegislawfirm.com

**FILED**
**ALAMEDA COUNTY**

MAY 1 5 2020

CLERK OF THE SUPERIOR COURT
By _____

Attorneys for Plaintiff Zachary Murphy,
individually and on behalf of all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ZACHARY MURPHY, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>THE FINISH LINE, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS THE INDIANA FINISH LINE, INC.; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.  **RG20061596**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br><br>2. Failure to Pay Overtime Wages;<br><br>3. Failure to Provide Meal Periods;<br><br>4. Failure to Permit Rest Breaks;<br><br>5. Failure to Provide Accurate Itemized Wage Statements;<br><br>6. Failure to Pay All Wages Due Upon Separation of Employment; and<br><br>7. Violation of Business and Professions Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

MAY 1 2 REC'D

CLASS ACTION COMPLAINT

Plaintiff Zachary Murphy, individually and on behalf of others similarly situated, alleges as follows:

### NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff Zachary Murphy ("Plaintiff") brings this putative class action against defendant The Finish Line, Inc., Which Will Do Business In California As The Indiana Finish Line, Inc., and DOES 1 through 20, inclusive (collectively, "Defendant"), on behalf of himself individually and a putative class of non-exempt employees employed by Defendant in California.

2.      Defendant is in the business of athletic shoe and apparel retail.

3.      Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant has increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to pay minimum wages;

(b) Failing to pay overtime wages at the proper rates;

(c) Failing to provide meal periods or compensation in lieu thereof;

(d) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(e) Failing to provide accurate itemized wage statements; and

(f) Failing to pay all wages due upon separation of employment.

5.      Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197 and 1198.

### JURISDICTION AND VENUE

6.      This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits

-1-

1  of the Superior Court and will be established according to proof at trial.

2       7.     This Court has jurisdiction over this action pursuant to the California

3  Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all

4  causes except those given by statutes to other courts.  The statutes under which this action is

5  brought do not specify any other basis for jurisdiction.

6       8.     This Court has jurisdiction over all Defendant because, upon information and

7  belief, they are citizens of California, have sufficient minimum contacts in California or

8  otherwise intentionally avail themselves of the California market so as to render the exercise of

9  jurisdiction over them by the California courts consistent with traditional notions of fair play

10  and substantial justice.

11       9.     Venue is proper in this Court because, upon information and belief, Defendant

12  resides, transacts business or has offices in this county, or the acts and omissions alleged herein

13  took place in this county.

14                        **THE PARTIES**

15       10.    Plaintiff is a citizen of California.  Plaintiff was employed by Defendant during

16  the Class Period in California.

17       11.    Plaintiff is informed and believes, and thereon alleges, that Defendant at all

18  times hereinafter mentioned, were and are employers as defined in and subject to the Labor

19  Code and IWC Wage Orders, whose employees were and are engaged throughout this county

20  and the State of California.

21       12.    Plaintiff is unaware of the true names or capacities of the defendant sued herein

22  under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

23  Complaint and serve such fictitiously named defendant once their names and capacities become

24  known.

25       13.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted

26  in all respects pertinent to this action as the agent of the other defendant, carried out a joint

27  scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant

28  are legally attributable to the other defendant.  Furthermore, defendant in all respects acted as

-2-

CLASS ACTION COMPLAINT

the employer and/or joint employer of Plaintiff and the class members.

14.  Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of Defendant was in accordance with, and represent, the official policy of Defendant.

15.  At all relevant times, Defendant, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendant, and each of them, aided and abetted the acts and omissions of each and all the other Defendant in proximately causing the damages herein alleged.

16.  Plaintiff is informed and believes, and thereon alleges, that each of said Defendant is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

17.  Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself and all others similarly situated who were affected by Defendant's Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

18.  All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19.  Plaintiff's proposed Class consists of and is defined as follows:

Class
All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between April 6, 2016[1] and the date of class certification.

20.  Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass
All Class Members who separated their employment with Defendants at any time between April 6, 2017 and the date of class certification.

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

-3-

21.     Members of the Class and Subclass described above will be collectively referred to as "class members." Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

22.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

     (a) Whether Defendant paid Plaintiff and class members all minimum wage compensation;

     (b) Whether Defendant paid Plaintiff and class members overtime compensation;

     (c) Whether Defendant deprived Plaintiff and class members of compliant meal periods;

     (d) Whether Defendant deprived Plaintiff and class members of compliant rest breaks;

     (e) Whether Defendant failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

     (f) Whether Defendant failed to furnish Plaintiff and class members with accurate, itemized wage statements; and

     (g) Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

23.     There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

     (a)     Numerosity: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendant's employment and payroll records.

-4-

(b)   Typicality:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.   The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

(c)   Adequacy:  Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement.   Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)   Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.   A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class.  If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)   Public Policy Considerations:  Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions

-5-

1    because they believe their former employers might damage their future

2    endeavors through negative references and/or other means.  Class actions

3    provide the class members who are not named in the complaint with a

4    type of anonymity that allows for the vindication of their rights at the

5    same time as affording them privacy protections.

6                              **GENERAL ALLEGATIONS**

7        24.    At all relevant times mentioned herein, Defendant employed Plaintiff and other

8    persons as non-exempt employees at their California locations.

9        25.    Plaintiff was employed in a non-exempt position at Defendant's California

10   location(s).

11       26.    Defendant continues to employ non-exempt employees at their California

12   locations.

13       27.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

14   mentioned, Defendant was advised by skilled lawyers, employees and other professionals who

15   were knowledgeable about California's wage and hour laws, employment and personnel

16   practices and the requirements of California law.

17       28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18   should have known that Plaintiff and Class Members were entitled to receive wages for all time

19   worked (including minimum wages and overtime wages) and that they were not receiving all

20   wages earned for work that was required to be performed due to off-the-clock security checks.

21   In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not

22   paid all wages (including minimum wages and overtime wages) for all hours worked.

23       29.    Upon information and belief, Defendant failed to provide Plaintiff and class

24   members timely, uninterrupted, off-duty meal periods of no less than thirty minutes before their

25   fifth hour of work.  Based on the lack of proper coverage and scheduling of meal periods

26   during these employees' shifts, Plaintiff and class members were not able to take required off-

27   duty meal periods at the appropriate intervals during their shifts.  Defendant also interrupted

28   meal periods with "on duty" security checks. These policies, among others, have resulted in a

1   denial of these employees' rights to 30-minute meal periods in violation of California law.

2         30.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or

3   should have known that Plaintiff and class members were entitled to receive all required meal

4   periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular

5   rate of pay when they did not receive a timely meal period.  In violation of the Labor Code and

6   IWC Wage Orders, Plaintiff and class members did not receive all timely meal periods or

7   payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay

8   when they did not receive a timely, uninterrupted meal periods.

9         31.    Upon information and belief, Defendant failed to provide Plaintiff and class

10  members timely, uninterrupted, on-the-clock rest period of no less than ten minutes for every

11  four hours worked, or every major fraction thereof.   These policies, among others, have

12  resulted in a denial of these employees' rights to a ten-minute rest period in violation of

13  California law.

14        32.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or

15  should have known that Plaintiff and class members were entitled to receive all rest breaks or

16  payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay

17  when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff

18  and class members did not receive all rest breaks or payment of one (1) additional hour of pay

19  at Plaintiff and class members' regular rate of pay when a rest break was missed.

20        33.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or

21  should have known that Plaintiff and class members were entitled to receive itemized wage

22  statements that accurately showed their employer's legal name, gross and net wages earned,

23  inclusive dates of pay periods, total hours worked and all applicable hourly rates in effect and

24  the number of hours worked at each hourly rate in accordance with California law.  In violation

25  of the Labor Code, Plaintiff and class members were not provided with accurate itemized wage

26  statements.

27        34.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or

28  should have known that Plaintiff and Waiting Time Subclass members were entitled to timely

1    payment of wages due upon separation of employment.   In violation of the Labor Code,

2    Plaintiff and Waiting Time Subclass members did not receive payment of all wages within

3    permissible time periods.

4        35.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or

5    should have known they had a duty to compensate Plaintiff and class members, and Defendant

6    had the financial ability to pay such compensation but willfully, knowingly and intentionally

7    failed to do so all in order to increase Defendant's profits.

8                                **FIRST CAUSE OF ACTION**

9                            **<u>FAILURE TO PAY MINIMUM WAGES</u>**

10   **(Violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197; Violation of Wage Order )**

11       36.    Plaintiff hereby re-allege and incorporate by reference all paragraphs above as

12   though fully set forth herein.

13       37.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees

14   fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser

15   wage than the minimum so fixed is unlawful.

16       38.    During the relevant time period, Defendant paid Plaintiff and class members less

17   than minimum wages when, for example, Defendant required Plaintiff and class members to

18   work off-the-clock during security checks under Defendant's control.  To the extent these hours

19   do not qualify for the payment of overtime, Plaintiff and class members were not being paid at

20   least minimum wage for their work.

21       39.    During the relevant time period, Defendant regularly failed to pay at least

22   minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code

23   §§ 1182.12, 1194, and 1197.

24       40.    Defendant's failure to pay Plaintiff and class members the minimum wage as

25   required violates Labor Code §§ 1182.12, 1194, and 1197.  Pursuant to these sections, Plaintiff

26   and class members are entitled to recover the unpaid balance of their minimum wage

27   compensation as well as interest, costs and attorney's fees.

28

CLASS ACTION COMPLAINT

41.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order)**

42.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

43.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendant was required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with doubletime after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

45.     Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

46.     During the relevant time period, Defendant failed to pay Plaintiff and class members overtime wages because they required Plaintiff and class members to work off-the-clock during mandatory security checks, which caused Plaintiff and Class Members to not be paid all overtime wages owed.

47.     In violation of state law, Defendant has knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned as alleged above.

48.     Defendant's failure to pay Plaintiff and class members the unpaid balance of

-9-

1   overtime compensation, as required by California law, violates the provisions of Labor Code

2   §§ 510 and 1198, and is therefore unlawful.

3       49.    Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to

4   recover their unpaid overtime compensation as well as interest, costs and attorneys' fees.

5   <strong>THIRD CAUSE OF ACTION</strong>

6   <strong><u>FAILURE TO PROVIDE MEAL PERIODS</u></strong>

7   <strong>(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)</strong>

8       50.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

9   though fully set forth herein.

10       51.    Labor Code § 226.7 provides that no employer shall require an employee to work

11   during any meal period mandated by the IWC Wage Orders.

12       52.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ

13   any person for a work period of more than five (5) hours without a meal period of not less than

14   30 minutes, except that when a work period of not more than six (6) hours will complete the

15   day's work the meal period may be waived by mutual consent of the employer and the

16   employee."

17       53.    Labor Code § 512(a) provides that an employer may not require, cause or permit

18   an employee to work for a period of more than five (5) hours per day without providing the

19   employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

20   the total work period per day of the employee is not more than six (6) hours, the meal period

21   may be waived by mutual consent of both the employer and the employee.

22       54.    Labor Code § 512(a) also provides that an employer may not employ an

23   employee for a work period of more than ten (10) hours per day without providing the employee

24   with a second meal period of not less than thirty (30) minutes, except that if the total hours

25   worked is no more than twelve (12) hours, the second meal period may be waived by mutual

26   consent of the employer and the employee only if the first meal period was not waived.

27       55.    During the relevant time period, Plaintiff and class members did not receive

28   compliant meal periods for each five hours worked per day as a result of, among other things,

-10-

1  lack of proper coverage and scheduling of meal periods during these employees' shifts and

2  interrupted meal periods during mandatory security checks.

3       56.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

4  an employer to pay an employee one additional hour of pay at the employee's regular rate of

5  compensation for each work day that a meal period is not provided.

6       57.    At all relevant times, Defendant failed to pay Plaintiff and class members all

7  meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and

8  section 11 of the applicable IWC Wage Order.

9       58.    As a result of Defendant's failure to pay Plaintiff and class members an

10  additional hour of pay for each day a meal period was not provided, Plaintiff and class members

11  suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

### (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)

15       59.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

16  though fully set forth herein.

17       60.    Labor Code § 226.7(a) provides that no employer shall require an employee to

18  work during any rest period mandated by the IWC Wage Orders.

19       61.    Section 12 of the applicable IWC Wage Order states "every employer shall

20  authorize and permit all employees to take rest periods, which insofar as practicable shall be in

21  the middle of each work period" and the "authorized rest period time shall be based on the total

22  hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

23  fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

24       62.    During the relevant time period, Plaintiff and class members did not receive a ten

25  (10) minute rest period for every four (4) hours or major fraction thereof worked.

26       63.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

27  requires an employer to pay an employee one additional hour of pay at the employee's regular

28  rate of compensation for each workday that the rest period is not provided.

64.     At all relevant times, Defendant failed to pay Plaintiff and class members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

65.     As a result of Defendant's failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Violation of Labor Code § 226; Violation of IWC Wage Order)

66.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

67.     Labor Code § 226(a) requires Defendant to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

68.     During the relevant time period, Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the employer's entity name, gross and net wages earned, and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class members.

69.     As a result of Defendant's violation of California Labor Code § 226(a), Plaintiff

-12-

and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendant's intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendant provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendant.

70.     California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

71.     Defendant's violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant.  As a result of Defendant's knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

72.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendant to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND**

**WITHIN THE REQUIRED TIME**

**(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

73.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

-13-

though fully set forth herein.

74.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

75.    During the relevant time period, Defendant willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

76.    Defendant's failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

77.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

78.    Plaintiff and Waiting Time Subclass members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

79.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

80.    Defendant's conduct, as alleged herein, has been and continues to be unfair,

-14-

CLASS ACTION COMPLAINT

1    unlawful and harmful to Plaintiff and class members.  Plaintiff seek to enforce important rights

2    affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

3         81.    Defendant's activities, as alleged herein, violate California law and constitute

4    unlawful business acts or practices in violation of California Business and Professions Code

5    §§ 17200, *et seq.*

6         82.    A violation of Business and Professions Code §§ 17200, *et seq.* may be

7    predicated on the violation of any state or federal law.

8         83.    Defendant's policies and practices have violated state law in at least the

9    following respects:

10            (a)    Failing to pay all minimum wages owed to Plaintiff and class members

11                   in violation of Labor Code §§ 1182.12, 1194, and 1197;

12            (b)    Failing to pay all overtime wages owed to Plaintiff and class members in

13                   violation of Labor Code §§ 510, 1194 and 1198;

14            (c)    Failing to provide timely meal periods without paying Plaintiff and class

15                   members premium wages for every day said meal periods were not

16                   provided in violation of Labor Code §§ 226.7 and 512;

17            (d)    Failing to authorize or permit rest breaks without paying Plaintiff and

18                   class members premium wages for every day said rest breaks were not

19                   authorized or permitted in violation of Labor Code § 226.7;

20            (e)    Failing to provide Plaintiff and class members with accurate itemized

21                   wage statements in violation of Labor Code § 226; and

22            (e)    Failing to timely pay all earned wages to Plaintiff and Waiting Time

23                   Subclass members upon separation of employment in violation of Labor

24                   Code §§ 201, 202 and 203.

25        84.    Defendant intentionally avoided paying Plaintiff and class members' wages and

26   monies, thereby creating for Defendant an artificially lower cost of doing business in order to

27   undercut their competitors and establish and gain a greater foothold in the marketplace.

28        85.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class

-15-

CLASS ACTION COMPLAINT

1    members are entitled to restitution of the wages unlawfully withheld and retained by Defendant

2    during a period that commences four years prior to the filing of the Complaint; an award of

3    attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an

4    award of costs.

## PRAYER FOR RELIEF

6    Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief

7    and judgment against Defendant, jointly and severally, as follows:

8    1.    For certification of this action as a class action, including certifying the Class

9    and Subclass alleged by Plaintiff;

10   2.    For appointment of Zachary Murphy as the class representatives;

11   3.    For appointment of Aegis Law Firm, PC as class counsel for all purposes;

12   4.    For compensatory damages in an amount according to proof with interest

13   thereon;

14   5.    For economic and/or special damages in an amount according to proof with

15   interest thereon;

16   6.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted

17   by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and

18   1194;

19   7.    For statutory penalties to the extent permitted by law, including those pursuant

20   to the Labor Code and IWC Wage Orders;

21   8.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

22   9.    For an order requiring Defendant to restore and disgorge all funds to each

23   employee acquired by means of any act or practice declared by this Court to be unlawful, unfair

24   or fraudulent and, therefore, constituting unfair competition under Business and Professions

25   Code §§ 17200, *et seq.*;

26   10.   For an award of damages in the amount of unpaid compensation including, but

27   not limited to, unpaid wages, benefits and penalties, including interest thereon;

28   11.   For pre-judgment interest; and

-16-

12.   For such other relief as the Court deems just and proper.

Dated: May 12, 2020                    **AEGIS LAW FIRM, PC**

By: _Jessica L. Campbell_ _____

Jessica L. Campbell
Attorney for Plaintiff Zachary Murphy

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: May 12, 2020                    **AEGIS LAW FIRM, PC**

By: _Jessica L. Campbell_ _____

Jessica L. Campbell
Attorney for Plaintiff Zachary Murphy

-17-