UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE FINISH LINE, INC.,<br><br>    Defendant. | Case No. 20-cv-05663-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 6 |

Plaintiff Zachary Murphy moves to remand this putative wage and hour class action to the Alameda County Superior Court on grounds that defendant The Finish Line, Inc.'s ("Finish Line") removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), was untimely. I find this motion is suitable for decision without oral argument and VACATE the hearing scheduled for October 7, 2020. *See* Civ. L. R. 7-1(b).

The pleadings in this case were facially indeterminate as to removal jurisdiction. The allegations failed affirmatively disclose the amount in controversy or provide information from which Finish Line could readily ascertain the amount in controversy without independent investigation and analysis. Finish Line promptly removed after its own investigation revealed that the amount in controversy met CAFA's threshold for removal. Finish Line has met its burden to prove the removal was timely. Murphy's motion to remand is DENIED.

**BACKGROUND**

On May 12, 2020, Murphy served a putative class action complaint on his former employer, Finish Line, an athletic shoe and apparel retailer. Notice of Removal ("NOR") [Dkt. No. 1] ¶ 5. On May 15, 2020, he filed the class action against Finish Line in Alameda County Superior Court on behalf of himself and other similarly situated current and former employees

within California, alleging the following seven causes of action: (i) failure to pay minimum wages; (ii) failure to pay overtime wages; (iii) failure to provide meal periods; (iv) failure to permit rest breaks; (v) failure to provide accurate itemized wage statements; (vi) failure to pay all wages due upon separation of employment; and (vii) violation of Business and Professions Code § 17200. *Id.*, Ex. A (hereinafter "Compl."). On July 23, 2020, Murphy filed a First Amended Complaint, adding an eighth claim for violation of the Private Attorney General Act ("PAGA") under Labor Code § 2698. *Id.*, Ex. F (hereinafter "FAC").

On August 13, 2020, Finish Line removed the FAC pursuant to CAFA, 28 U.S.C. § 1332(d). NOR ¶ 2. Murphy now brings this motion to remand, contending that removal was improper because it was untimely pursuant to 28 U.S.C. § 1446(b). Notice of Motion and Motion to Remand Action to State Court ("Mot.") [Dkt. No. 6]. Finish Line's removal of this case on August 13, 2020 occurred 93 days after it was served with the Complaint on May 12, 2020 and 21 days after it was served with the FAC on July 23, 2020. *See* Mot. 3; NOR ¶¶ 5, 8.

## LEGAL STANDARD

A defendant may remove a class action from state to federal court by filing a notice of removal that lays out the grounds for removal. 28 U.S.C. § 1453(b); 28 U.S.C. § 1446(a). The district court must remand the case to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and the district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); 28 U.S.C. § 1447(c). No presumption against removal exists in cases invoking CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The burden of establishing federal jurisdiction is on the removing party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be

2

1  filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an
2  amended pleading, motion, order or other paper from which it may first be ascertained that the
3  case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  The Ninth Circuit has
4  recently held that sections "1441 and 1446, read together, permit a defendant to remove outside
5  the two thirty-day periods on the basis of its own information, provided that it has not run afoul of
6  either of the thirty-day deadlines." *Trahan v. U.S. Bank Nat'l Ass'n*, No. C 09-03111 JSW, 2014
7  WL 116606, at *3 (N.D. Cal. Jan. 13, 2014) (citing *Roth v. CHA Hollywood Medical Center, L.P.*,
8  720 F.3d 1121, 1125 (9th Cir. 2013)).

## DISCUSSION

As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)).

The parties do not dispute whether these substantive requirements are met.  The only question presented in this motion is whether Finish Line's notice of removal was timely.  Under section 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

For the thirty-day clock to begin, the plaintiff must affirmatively reveal facts that give notice to possible federal subject matter jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250–51 (9th Cir. 2006); *Harris*, 425 F.3d at 690–91, 695.  Courts only look at "the four corners of the applicable pleadings" to determine whether a party had notice regarding removability.  *Harris*, 425 F.3d at 694 ("[N]otice of removability under [section] 1446(b) is

3

determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). A defendant does not have an affirmative duty to investigate whether a case is removable upon receiving the complaint nor is required to engage in guesswork regarding removability, but a defendant must use a reasonable amount of intelligence in ascertaining whether a case is removable. *Roth*, 720 F.3d at 1125; *Kuxhausen v. BMW Financial Servs. NA, LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (a party is not freed from the need to make "mathematic[al] calculation[s]" of numbers given in a pleading); *Harris*, 425 F.3d at 697 n.9 (internal citation omitted).

The Ninth Circuit maintains that, provided that neither section 1446(b)(1) and (b)(3) have been triggered, a defendant may investigate whether a case a removable and file a notice of removal "at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *Roth*, 720 F.3d at 1126 ("A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under [sections] 1446(b)(1) and (b)(3) has been triggered."). While this may result in some strategic gamesmanship, the Ninth Circuit has found that plaintiffs may protect themselves by providing defendants with a document "from which removability can be ascertained." *Trahan*, 2014 WL 116606, at *3 (citing *Roth*, 720 F.3d at 1126).

Finish Line argues that the principles of *Roth*, *Harris*, and *Rea* are applicable here because neither thirty-day removal periods under section 1446(b) were triggered. Opposition to Plaintiff's Motion to Remand Action to State Court ("Oppo.") [Dkt. No. 14] 6; NOR ¶ 38. It contends that removal was timely because both the initial Complaint and the FAC are devoid of facts to support any of the necessary elements of removal under CAFA, including putative class size or the amount in controversy.[1] Murphy argues that remand must be granted because Finish Line removed this case 93 days after it was served with the original Complaint, and therefore failed to remove within either of the thirty-day periods mandated by section 1446(b). Mot. 4.

Although the Complaint and FAC indicate that the class size is "estimated to be greater

---

[1] Finish Line alternatively argues that to the extent the FAC can be deemed "determinative" it timely removed on August 13, 2020 which is within 30 days of the service of the FAC on July 23, 2020. Oppo. 7 n.5.

4

than 100 individuals," Finish Line is correct that, under the four corners of both pleadings, Murphy failed to allege damages with enough specificity to establish the amount in controversy, which would have begun the thirty-day clock. Compl. ¶ 23; FAC ¶ 23; *Harris*, 425 F.3d at 694–95. The Complaint and FAC simply state that the damages sought "exceeds the minimal jurisdictional limits of the Superior Court." Compl. ¶ 6; FAC ¶ 6. As Finish Line points out, the pleadings lack any facts regarding the number of meal and/or rest period violation per class member during the applicable statute of limitations period. Oppo. 7.

Finish Line could not have reasonably determined the amount in controversy from the given numbers via a mathematical calculation, and under the law, it had no further duty to estimate or investigate whether the case was removable upon service of either the Complaint or FAC. *See, e.g.*, *Figueroa v. Delta Galil USA, Inc.*, No. 18-CV-07796-RS, 2019 WL 1433727, at *2 (N.D. Cal. Apr. 1, 2019) (finding defendants could not determine the amount in controversy from the face of the FAC in a wage and hour case as plaintiff did not include any allegations regarding salary, a specified number of claimants, or exact amount of meal periods missed); *Trahan*, 2014 WL 116606, at *4 (finding plaintiff's failure to expressly state the amount in controversy and make any specific assertions about the amount of damages did not allow defendant to make a simple mathematical calculation to determine the amount in controversy and thus plaintiff's documents were "indeterminate"); *Sheppard v. Staffmark Inv., LLC*, No. 20-CV-05443-BLF, 2020 WL 5593232, at *3 (N.D. Cal. Sept. 18, 2020) (finding FAC was indeterminate because plaintiff "only stated the damages sought exceeded the minimal $25,000 jurisdictional limits of the Superior Court and briefly approximated there may be more than 100 putative class members, with no specification of how many times the listed Labor Code violations may have occurred"); *Calkins v. Google, Inc.*, No. 13-CV-00760-JST, 2013 WL 3556042, at *3 (N.D. Cal. Jul. 12, 2013) (FAC was indeterminate because it was "devoid of any allegation showing that the amount in controversy exceed[ed] CAFA's $5 million threshold or that the number of purported violations of Section 632 [was] greater than 1,000"); *see also Roth*, 720 F.3d at 1125; *Kuxhausen*, 707 F.3d at 1140; *Harris*, 425 F.3d at 697 n.9.

Because both the Complaint and FAC were indeterminate, neither thirty-day clocks

1 triggered and Finish Line was allowed to remove outside the thirty-day period on the basis of its
2 own information when it decided to investigate. *Trahan*, 2014 WL 116606, at *3; *Rea*, 742 F.3d
3 at 1238; *Roth*, 720 F.3d at 1126. Finish Line contends that it conducted its own investigation after
4 the FAC was filed on July 23, 2020 to determine the amount in controversy. Oppo. 2; NOR ¶ 38.
5 It independently determined, based on its own business records, that the class comprised of
6 approximately 5,612 individuals who worked a total of approximately 218,399 bi-weekly pay
7 periods at the average hourly rate of $13.31 during the relevant time period, revealing that the
8 amount of controversy exceeds five million dollars. NOR ¶¶ 38–41, 69. Upon this discovery,
9 Finish Line promptly removed the case this court on August 13, 2020.

10 In its reply, Murphy argues that Finish Line still does not meet its burden of proving
11 removal was timely because it fails to demonstrate that it filed for removal within thirty days of its
12 own investigation ascertaining removability. Reply in Support Motion to Remand [Dkt. No. 15]
13 3. But "[t]his Circuit does not require [Finish Line] to prove that it removed the case
14 within thirty days of its own investigation—indeed, [Finish Line] may remove 'at any time'
15 if [sections] 1446(b)(1) and (b)(3) have not been triggered." *Sheppard*, 2020 WL 5593232, at *4
16 (quoting *Rea*, 742 F.3d at 1238); *Gutierrez v. Stericycle, Inc.*, No. LACV1508187JAKJEMX,
17 2017 WL 599412, at *11 (C.D. Cal. Feb. 14, 2017) (rejecting plaintiff's contention that
18 defendant's "own knowledge and investigation triggered the 30-day limit" because the "position is
19 not supported by the relevant cases"); *see also Roth*, 720 F.3d at 1126.

20 Finish Line contends that it began its investigation sometime after being served with the
21 FAC, and filed its NOR about 21 days after the FAC was served, which is a reasonable time
22 considering the detailed calculation that went into determining the amount in controversy for this
23 class action. *See* NOR ¶¶ 43–69. Removal was timely.

United States District Court
Northern District of California

6

1 **CONCLUSION**

2 For the foregoing reasons, Murphy's motion to remand is DENIED.

3 **IT IS SO ORDERED.**

4 Dated: October 5, 2020



William H. Orrick
United States District Judge