1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   BROOKE PURCELL, Cal. Bar No. 260058
3  AMANDA E. BECKWITH, Cal. Bar No. 312967
   ANDREA L. ISAACS, Cal. Bar No. 323788
4  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
5  Telephone:    415.434.9100
   Facsimile:    415.434.3947
6  E mail        bpurcell@sheppardmullin.com
                   abeckwith@sheppardmullin.com
7                  aisaacs@sheppardmullin.com

8  Attorneys for Defendant
   THE FINISH LINE, INC.
9

10                         UNITED STATES DISTRICT COURT

11         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13 ZACHARY MURPHY, individually and on     Case No. 3:20-cv-05663-WHO
   behalf of all others similarly situated,
14                                       **DECLARATION OF SINDY ROUSSEAU**
                                         **IN SUPPORT OF DEFENDANT'S**
15              Plaintiff,                 **MOTION TO COMPEL ARBITRATION**
                                         **AND STAY ACTION PENDING**
16     v.                                   **ARBITRATION**

17 THE FINISH LINE, INC., WHICH WILL DO   Date:     January 20, 2021
   BUSINESS IN CALIFORNIA AS THE           Time:     2:00 p.m.
18 INDIANA FINISH LINE, INC.; and DOES 1   Crtrm.:   2, 17th Floor
   through 20, inclusive,,
19                                       Magistrate Judge: Hon. William H. Orrick
               Defendant.
20

21

22

23

24

25

26

27

28

## DECLARATION OF SINDY ROUSSEAU

I, Sindy Rousseau, declare as follows:

1. I am a Manager of HR Compliance for Defendant The Finish Line, Inc. ("Defendant"). I have held this position since January 21, 2018. Based on my role as a Manager of HR Compliance, I have access to Defendant's business records and records pertaining to its current and former employees. If called as a witness, I could and would competently testify thereto.

2. In preparing this declaration, I personally reviewed the business records maintained in the regular course of business of Defendant, including records pertaining to Plaintiff Zachary Murphy ("Plaintiff").

3. To apply for employment with Finish Line, an applicant must create a unique Finish Line account through Finish Line's website. To create an account, an applicant must provide a unique email address and password. Prior to the applicant creating their unique Finish Line account, they are asked to click on a hyper link that takes them to a document with: (1) the Finish Line Electronic Signature Policy and Notice and Consent to Electronic Records and Signature; and (2) the Finish Line Employee Dispute Resolution Plan. These policies and agreements are combined onto one document. The prospective employees are then asked to check a box confirming they've reviewed, understand, accept and/or agree to the policies, notices and agreements. After an applicant creates an account, he or she begins the application process by uploading his or her resume, personal information, and experience. Attached hereto as **Exhibit A** is a true and correct copy of the account creation page.

4. As part of the application process, Finish Line requires that applicants complete several human resources forms in order to submit an application for employment. In order to complete the application process, the applicant and Finish Line enter into an agreement whereby they mutually agree to submit any disputes arising out of the applicant's application or employment with Finish Line to binding <u>individual</u> arbitration through Defendant's Dispute Resolution Program ("DRP"). Once on the DRP review screen, the applicant is able to read

through and review the DRP in its entirety.  If the applicant agrees to the DRP, he or she signs the DRP by typing his or her full name and date of birth in the space provided on screen.

5. Once hired, as part of the onboarding process, newly hired employees must review and acknowledge various policies and other documents governing the terms of their employment with Finish Line.  Employees are presented with electronic documents via Workday.  Each document has the following acknowledgment: "I have carefully read and fully understand the attached document, and I hereby accept and agree to the terms thereof.  I agree that my electronic acknowledgment provided herein is the equivalent of a manual signature on said document."  Below the acknowledgment is a check box with the words "I Agree."  Attached hereto as **Exhibit B** is a true and correct copy of a screenshot of this acknowledgment.  New employees are required to complete this process, but failure to do so does not hold up the onboarding and hiring process.

6. Based on Defendant's records that I reviewed, Plaintiff created an account with Finish Line on June 26, 2019 using his unique email address and password.  He also acknowledged and agreed to the DRP at the time he created his account (*see* **Exhibit A**).  He applied for a store associate position on July 18, 2019.  As part of his application for employment on July 18, 2019, he was presented with the DRP (the "July 18 DRP").  Attached hereto as **Exhibit C** is the July 18 DRP.

7. After logging into his secure account, in order to complete his application, Plaintiff was required to type in his first and last name, and date of birth, in order to acknowledge and agree to the terms of the DRP.  Plaintiff completed the required forms, electronically signed the DRP, and submitted his application on July 18, 2019 at 2:24 PM.  Because only Plaintiff had access to his secure account via his unique username and password, only Plaintiff could have signed and agreed to the DRP.  Attached hereto as **Exhibit D** is a true and correct copy of the Excel spreadsheet exported from Finish Line's application website that reflect Plaintiff's electronic signature on the July 18 DRP.

8. Plaintiff applied for two other positions at Finish line.  On June 14, 2019 he applied for a manager position for which he was not qualified.  After he applied for the manager position, Plaintiff was asked to re-submit his application.  When he reapplied on June 26, 2019, Plaintiff

applied for a store associate position at the wrong store. Attached hereto as **Exhibits E and F** are true and correct copies of screenshots from Finish Line's onboarding system displaying Plaintiff's application process on June 14, 2019 and June 26, 2019, respectively, including his consent to the DRP on each date.

9.  Plaintiff was hired by Defendant and began the onboarding process on or around July 26, 2019. As part of the onboarding process, Plaintiff was electronically presented with various policies and documents related to his employment for his review via Workday. On July 26, 2019, Plaintiff accessed his Workday account using his unique username and password to review the additional documents, including another form of the DRP. Plaintiff checked "I Agree," acknowledging and agreeing to this version of the DRP (the "July 26 DRP"). Attached hereto as **Exhibit G** is a true and correct copy of the July 26 DRP. Throughout his employment, Plaintiff was able to log in and access his employment-related documents at any time using Workday. Attached hereto as **Exhibit H** is a true and correct copy of Plaintiff's electronic signatures on Finish Line's various onboarding documents.

10. I am aware that Finish Line operates in all fifty states in the United States. Moreover, Finish Line maintains a significant online presence, and ships to all fifty states.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of December, 2020 in Phoenix, Arizona.

*DocuSigned by:*
*Sindy Rousseau*
06FB475EF9CC49D...
SINDY ROUSSEAU