UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MURPHY,<br><br>   Plaintiff,<br><br> v.<br><br>THE FINISH LINE, INC.,<br><br>   Defendant. | Case No. 20-cv-05663-WHO<br><br>**ORDER DENYING MOTION TO DISMISS INDIVIDUAL CLAIMS WITHOUT PREJUDICE AND REMAND PAGA CLAIM TO STATE COURT**<br><br>Re: Dkt. No. 29 |

  Plaintiff Zachary Murphy filed this class action against his former employer defendant The Finish Line, Inc. ("Finish Line") in Alameda County Superior Court. Finish Line subsequently removed the action to this court. On February 19, 2021, I granted Finish Line's motion to compel arbitration on Murphy's individual claims and stayed his PAGA claim pending arbitration. Murphy now moves to voluntarily dismiss his individual claim without prejudice and to remand his PAGA claim to state court.

  Once I compelled Murphy's individual claims to arbitration and stayed the remainder of the case, the Federal Arbitration Act ("FAA") requires that the stay of the action remain "until arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. A voluntary dismissal of the arbitrable individual claims without prejudice would effectively allow him to avoid arbitration on arbitrable claims now, while preserving the right to pursue them later after litigation on the non-arbitrable PAGA claim—a result that would circumvent the FAA's stay provision. Even if I have the discretion to give Murphy the result he seeks, notwithstanding the FAA's stay provision, I decline to exercise my discretion to do so given the circumstances of this case. Murphy only moved to dismiss his individual claims once I found them arbitrable. For these reasons, his motion is DENIED.

**BACKGROUND**

On May 15, 2020, Murphy filed this class action against Finish Line in Alameda County Superior Court on behalf of himself and other similarly situated current and former employees within California, alleging the following seven causes of action: (i) failure to pay minimum wages; (ii) failure to pay overtime wages; (iii) failure to provide meal periods; (iv) failure to permit rest breaks; (v) failure to provide accurate itemized wage statements; (vi) failure to pay all wages due upon separation of employment; and (vii) violation of Business and Professions Code § 17200. Notice of Removal ("NOR") [Dkt. No. 1], Ex. A. On July 23, 2020, he filed a First Amended Complaint ("FAC"), adding an eighth claim under PAGA. *Id.*, Ex. F. On August 13, 2020, Finish Line removed the FAC pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *Id.* On October 5, 2020, I denied Murphy's motion to remand the case, finding that the removal was timely. Order Denying Motion to Remand [Dkt. No. 17].

Finish Line then moved to compel arbitration of Murphy's individual wage and hour claims and to stay proceedings pending arbitration. Motion to Compel Arbitration and Stay [Dkt. No. 23]. I granted the motion, finding that the parties entered into an enforceable arbitration agreement that governed Murphy's individual claims, compelling arbitration of the individual claims, and staying the remaining PAGA claim pending arbitration. *See* Order Granting Motion to Compel Arbitration as to Non-PAGA Claims and Staying PAGA Claim Pending Arbitration ("February 2021 Order") [Dkt. No. 28]. On April 20, 2021, Murphy filed a motion to voluntarily dismiss his individual claims without prejudice and to remand his PAGA claim to state court. Motion to Dismiss Individual and Class Allegations Without Prejudice and to Remand PAGA Claim to State Court ("Mot.") [Dkt. No. 29].

**LEGAL STANDARD**

Murphy brings his motion under Federal Rule of Civil Procedure 41. However, Rule 41 "only applies to dismissals of *all* claims against a particular defendant, not to dismissals of less than all claims against that defendant." *ECASH Techs., Inc. v. Guagliardo*, 35 F. App'x 498, 499 (9th Cir. 2002) (citing *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) (emphasis added)). Rule 15 governs the situation when a party dismisses some, but not all,

2

of its claims against a defendant. *Gen. Signal Corp.*, 66 F.3d at 1513; *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 41(a) "does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings.").

Rule 15(a) governs the amendment of pleadings and permits a party to amend a previously-amended pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The grant or denial of leave to amend is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether to grant leave to amend, the court should consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *see also Foman*, 371 U.S. at 182.

## DISCUSSION

Despite the February 2021 Order compelling arbitration and staying the case, Murphy seeks to dismiss his individual allegations without prejudice and asks that I remand his remaining non-arbitrable PAGA claim to state court. Mot. 4–5. Finish Line argues that the FAA requires that this case remain stayed until arbitration is complete. The FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties *stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

Finish Line cites two opinions from this District that have interpreted this provision as barring motions like the one Murphy has filed here. In *Lovig v. Best Buy Stores LP,* No. 18-CV-02807-PJH, 2019 WL 2568851 (N.D. Cal. Jun. 21, 2019), *appeal dismissed sub nom.*, No. 19-16338, 2019 WL 7494405 (9th Cir. Nov. 22, 2019), the plaintiff's individual claims were compelled to arbitration and the remainder of the action, including a PAGA claim, was stayed.

3

The plaintiff then moved to dismiss his individual claims without prejudice so that he could proceed on his PAGA claim. *Id.* at *3. The Hon. Phyllis J. Hamilton denied the motion, explaining that "[t]he plain language of the FAA seems to require that, if '*any issue*' is referred to arbitration, the court 'shall' stay the 'action' pending arbitration upon request." *Id.* (emphasis added). "The statute compels staying the entire action and leaves no room to stay certain claims and proceed with or dismiss others." *Id.*

The Hon. Kandis A. Westmore recently reached the same conclusion in *Marron v. Healthsource Glob. Staffing, Inc.*, No. 19-CV-01534-KAW, 2020 WL 4284818 (N.D. Cal. Jul. 27, 2020). The plaintiff in that case similarly moved to dismiss his individual claims without prejudice and proceed with his PAGA claim after his individual claims were compelled to arbitration and the case was stayed pursuant to the FAA. *Id.* at *2. Relying on *Lovig*, Judge Westmore found that "[t]he FAA does not give the court discretion to lift the stay to dismiss some of the claims, particularly now that arbitration has been initiated. Rather, it explicitly mandates that the stay remain in place until arbitration is complete." *Id.*[1]

Like Murphy, the *Marron* plaintiff argued that "he should not be required to pursue his individual claims." *Id.* He relied on *Capon v. Ladenburg, Thalman Co. Inc.*, 92 Fed. App'x. 400, 402 (9th Cir. 2004) for the proposition that "the FAA does not compel a plaintiff to pursue arbitration rather than not pursuing the claims at all." *Id. Capon*, however, "did not consider the effect of a 9 U.S.C. § 3 stay *after arbitration was compelled*," as was the case in *Marron* and is the case here. *Id.* (emphasis added). "Instead, the *Capon* plaintiff voluntarily dismissed his entire complaint before the district court ruled on the defendant's motion to compel arbitration." *Id.* (citing *Capon*, 92 Fed. App'x. at 401).

In the end of her opinion, Judge Westmore also noted a crucial issue with voluntarily dismissing individual claims *without prejudice* instead of *with* prejudice:

---

[1] The *Marron* plaintiff attempted to undermine *Lovig* on grounds that Judge Hamilton allowed oral argument to proceed despite plaintiffs' counsel absence. *Marron*, 2020 WL 4284818, at *3. Magistrate Judge Westmore rejected that argument because it did not "challenge the *reasoning* in *Lovig*." *Id.* (emphasis in original). "[R]egardless of what occurred at the oral argument, *Lovig* explains that the FAA requires that a case remain stayed while arbitration moves forward." *Id.*

4

> Further, the Court observes that, as a practical matter, if Plaintiff was to dismiss the individual claims without prejudice, Plaintiff could proceed with the litigation of the PAGA claims. After the PAGA claim is litigated, Plaintiff could then again bring his individual claims, which would be compelled to arbitration. The FAA's stay provision, however, requires that the arbitrable claims be resolved first. Thus, allowing Plaintiff to dismiss the individual claims without prejudice would circumvent the FAA's stay provision.

*Id.* at *3.

Murphy makes no mention of *Lovig* and *Marron* in his reply brief. He only summarily argues that "[t]he handful of district court cases [Finish Line] relies on in erroneously arguing [for a continued stay] are unpersuasive in light of *Leyva*, because none considered this binding Ninth Circuit authority and failed to follow it as a result." Reply in Support of Motion to Dismiss and Remand ("Reply") [Dkt. No. 32] 2.

In *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 859 (9th Cir. 1979), the plaintiffs appealed an order staying the action until arbitration was complete in accordance with the underlying collective bargaining agreement. The Ninth Circuit found that the Fair Labor Standards Act claim was not arbitrable, and thus the defendant was not entitled to a stay pursuant to section 3 of the FAA. *Id.* at 863. However, it found that count two of the complaint, a claim for wages due under the collective bargaining agreement, was an arbitrable dispute and that the defendant was entitled to a stay on that part of the action pending its arbitration. *Id.* It remanded the case for the district court to determine whether it was appropriate to "stay [] the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Id.* at 864. In doing so, it noted that "[i]t would waste judicial resources and be burdensome upon the parties if the district court in a case such as this were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process." *Id.* It had "little doubt [that] the trial court was cognizant of these considerations in making its earlier ruling," but still remanded the case "so that it may have the opportunity to make its findings." *Id.*

The factors discussed in *Leyva* are ones I considered in the February 2021 Order in deciding whether to proceed with the non-arbitrable PAGA claim or to stay litigation of all claims

5

pending the outcome of the arbitration. Finish Line argued that the PAGA claim should be stayed pending arbitration, and, notably, "Murphy [did] not oppose[] this portion of Finish Line's motion." February 2021 Order at 6. Given that "[c]ourts regularly stay PAGA claims pending resolution of related arbitrable claims," I found that staying the PAGA claim was appropriate. *Id.* (citing *Shepardson v. Adecco USA, Inc.*, Case No. 15-cv-05102-EMC, 2016 WL 1322994, at *6 (N.D. Cal. Apr. 5, 2016)). Murphy now belatedly argues that Finish Line cannot meet its burden of proving a continued stay is necessary or appropriate for his non-arbitrable PAGA claim. Reply 2–3. He fails, however, to explain how the Ninth Circuit's decision in *Leyva* undermines the persuasive reasoning in *Lovig* and *Marron*.

Following the reasoning in *Lovig* and *Marron*, I find that the FAA does not permit me to lift the stay so that Murphy can dismiss his individual claims to avoid arbitration. Once an issue in an action is referred to arbitration—as I determined in the February 2021 Order—the FAA dictates that I "shall" stay the action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. I cannot lift the stay and allow Murphy to dismiss "fewer than all of the claims" until the arbitration is completed or otherwise concluded. *Lovig*, 2019 WL 2568851, at *3. His motion makes clear that he only offers to "not pursue any individual claims *at this time*" and to "waive his right to *currently* pursue individual arbitration." Mot. 3 (emphasis added); *see* Declaration of Fawn F. Bekam in Support of Motion to Dismiss and Remand ("Bekam Decl.") [Dkt. No. 29-1] ¶ 3. As Judge Westmore observed in *Marron*, a dismissal without prejudice would allow Murphy to avoid arbitration on arbitrable claims, while preserving the right to pursue them later after litigation on the PAGA claim. Doing so "would circumvent the FAA's stay provision." *Marron*, 2020 WL 4284818, at *3.

Even if *Lovig* and *Marron*'s interpretation of the FAA is incorrect and I do have the discretion to lift the stay and allow Murphy to dismiss his arbitrable claims after those claims have already been compelled to arbitration, I decline to exercise my discretion to do so. In *Johnson v. JP Morgan Chase Bank, N.A.*, No. EDCV172477JGBSPX, 2019 WL 2004140, at *2 (C.D. Cal. Jan. 25, 2019), a decision on which both *Lovig* and *Marron* relied, the court considered whether to lift the stay previously imposed and to allow the plaintiffs leave to amend the complaint to include

6

additional facts that they believed would make their claims non-arbitrable. The defendant argued that the stay must remain in place because arbitration had not even begun. *Id.* The plaintiffs claimed, as Murphy does here, that that a FAA stay only applies to arbitrable claims, not to non-arbitrable claims. *Id.* at *3. "After considering the mixed case law on this question, the Court [was] not convinced it ha[d] the power to lift the stay and allow amendment before 'arbitration has been had.'" *Id.* (quoting 9 U.S.C. § 3). That is what *Lovig* and *Marron* held as well. However, the *Johnson* court went on to alternatively hold that "even if the FAA allows the Court to lift the stay, the Court declines to exercise what discretion it may have to do so. Leaving the stay intact until the completion of arbitration serves the interests of judicial economy and advances Congress's purpose in enacting the FAA: 'to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings.'" *Id.* (citation omitted).

The same reasoning applies here. Like *Johnson*, the conditions "have [not] so changed that [the stay] is no longer needed or rendered inequitable." *Id.* at *4 (citation omitted). "Indeed, conditions have not changed at all." *Id.* Similar to the plaintiffs in *Johnson*, who sought leave to "more artfully plead the same claims in order to circumvent the arbitration agreements they entered into," the circumstances surrounding Murphy's motion imply that his request for voluntary dismissal, particularly a dismissal *without prejudice*, is for the purposes of avoiding arbitration. *Id.*

Murphy's remaining citations are distinguishable and do not undermine my conclusion either. *See* Oppo. 11–12; Reply 4. He points to *Hernandez v. MasterCorp, Inc.*, No. CV 20-6284-JFW(ASX), 2020 WL 6747381 (C.D. Cal. Sept. 15, 2020) as an example of a case where plaintiffs were able to achieve the result he wants here—dismissal of his arbitrable individual claims and remand of his non-arbitrable PAGA claim to state court. The defendant in *Hernandez* moved to dismiss, or in the alternative, to compel arbitration and stay the action. *Id.* at *2. The court found that the arbitration agreement covered claims brought under the California Labor Code and the California Business & Profession Code and because the plaintiff was "compelled to arbitrate these claims on an individual basis," it decided to dismiss them without prejudice. *Id.* at *5. Given dismissal of "all of the claims over which it has original jurisdiction," it declined supplemental

7

jurisdiction on the remaining PAGA claim and remanded it to state court. *Id.* at *6.

In a footnote, the court explained why it decided to dismiss, as opposed to stay, the arbitrable claims. *Id.* at *5 n.1. The FAA provides that, when a party's claims are subject to arbitration, the court "shall . . . stay the trial of the action until such arbitration has been had." *Id.* (quoting 9 U.S.C. § 3). Notwithstanding the language of section 3, the Ninth Circuit allows courts to "dismiss [an action] outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." *Id.* (quoting *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). "[I]n light of the Court's decision to decline to exercise supplemental jurisdiction over the PAGA claim, the Court's determination that the remaining individual claims are subject to arbitration, and Plaintiff's apparent agreement that the individual claims should be dismissed without prejudice (rather than stayed), *see* Docket No. 27-1 at 16, the Court conclude[d] that dismissal of the individual claims [was] appropriate." *Id.*

There was no "apparent agreement" from Murphy that the individual claims should be dismissed without prejudice rather than stayed when I had Finish Line's motion to compel arbitration before me. The procedural posture here is different and more aligned with *Lovig*, where Judge Hamilton found the exception delineated in *Johnmohammadi*, 755 F.3d at 1074 did not apply. As explained above, Judge Hamilton held that the FAA "compels staying the entire action and leaves no room to stay certain claims and proceed with or dismiss others." *Lovig*, 2019 WL 7494405, at *3. She recognized that *Johnmohammadi* provides an exception to this "literal reading" of section 3 of the FAA, but clarified that the Ninth Circuit has "consistently explained that [this exception] only applies when '*all* of the claims raised in the action are subject to arbitration.'" *Id.* (quoting *Johnmohammadi*, 755 F.3d at 1074 and citing cases) (emphasis added). While the court in *Hernandez* denied supplemental jurisdiction over the PAGA claim, leaving "all of the claims" at that point subject to arbitration and thus applicable to dismissal under the *Johnmohammadi* exception, I, like Judge Hamilton in *Lovig*, have "previously determined that some but not all of [Murphy's] claims against [Finish Line] are arbitrable." *Id.* Because this action "raises claims both subject to arbitration and not subject to arbitration," the Ninth Circuit's exception in *Johnmohammadi* allowing dismissal of an action when all asserted claims are

8

arbitrable is not applicable. *Id.*

The bottom line is that I granted Finish Line's motion to compel arbitration of Murphy's individual claims and stayed his PAGA claim pending arbitration. Murphy cannot circumvent arbitration by simply dismissing his arbitrable claims without prejudice so that he can proceed with litigating his non-arbitrable claim first.

## CONCLUSION

For the reasons stated above, Murphy's motion to voluntarily dismiss the individual claims and to remand the PAGA claim is DENIED. The previously ordered stay remains in effect pending resolution of the arbitration.

**IT IS SO ORDERED.**

Dated: May 27, 2021



William H. Orrick
United States District Judge